## Brown v. Luzerne County

*Charles B. Lenahan* and *James L. Brown*, for plaintiff.
*R. L. Coughlin*, for defendant.

FARRELL, J., July 13, 1939.—Frank B. Brown, plaintiff, an alderman and ex-officio justice of the peace of the eighth ward of the City of Wilkes-Barre, Luzerne County, in this action claims of defendant, the County of Luzerne, justice's costs in a large number of cases, for payment of which he contends, under the law, the county is liable. In his sworn statement, plaintiff claims on 542 transcripts of cases heard before him, entitling him, if the county is liable, to a total of $1,955.10 in costs. Of these 542 transcripts, 63 have been withdrawn by agreement, leaving a net of 479 cases, for which plaintiff would be entitled to $1,723.20.

The case was tried before the court without a jury by agreement under the Act of April 22, 1874, P. L. 109, and its supplements.

### Findings of fact

We find the following facts:

1. Plaintiff is the duly-elected and qualified alderman and ex-officio justice of the peace of the eighth ward of the City of Wilkes-Barre, Luzerne County, an office which he has continuously held since 1901 and now holds. His present term will expire on the first Monday of January, 1942.

2. At various times within the past six years, informations have been sworn out, process has been issued, hearings thereon have been held, and final disposition made by plaintiff in his official capacity in certain criminal and summary conviction cases, as set forth in transcripts marked "Plaintiff's Exhibits 1 to 542", inclusive, at-

tached to and made part of plaintiff's statement of claim. Costs are claimed in 479 cases.

3. Of said 479 cases heard by said plaintiff in his official capacity, as shown by said transcripts, 114 were cases of crimes or misdemeanors, 57 were cases of summary convictions, and 308 combined cases of crimes and summary convictions.

4. In said 479 cases, 23 were committed to jail upon summary conviction in default of fines and costs imposed, and in 456 cases defendants therein were discharged after hearing because the charges appeared to be unfounded; whereof 114 were on charges of crimes or misdemeanors, 37 on summary conviction charges, and 305 on combined charges of crimes or misdemeanors and summary convictions, heard by said plaintiff in his official capacity.

5. None of the costs in any of said 479 cases has been paid to or received by said plaintiff.

### Discussion

The cases represented by the transcripts in this action cover a great variety of crimes, misdemeanors and summary conviction offenses, in prosecutions principally by the Pennsylvania Liquor Control Board and various railroad and coal companies and officers of such corporations. Upon the trial it was stipulated of record that the facts are undisputed and that the case involves purely a question of law.

There are two general statutes in force in Pennsylvania governing the questions raised in the case. The first is the Act of September 23, 1791, 3 Sm. L. 37, 19 PS §1221, providing for costs in discharged cases; the second, the Act of April 5, 1929, P. L. 170, sec. 1, 42 PS §211, providing for justices' and aldermen's costs in discharged cases and convictions in summary conviction cases. There is no general statute or any, so far as we can find, applicable to Luzerne County, governing justices' or aldermen's costs in conviction and sentence

before the justice for any crime or misdemeanor, although there are two special statutes governing costs in such cases in three other counties of the State, namely, the Act of May 1, 1861, P. L. 682, applicable to Erie and Union Counties, and extended to Bradford County by the Act of February 14, 1867, P. L. 197.

The first of the general statutes above cited, namely, the Act of 1791, supra, sec. 13, reads:

"That where any person shall be brought before a Court, Justice of the Peace, or other magistrate of any city or county in this commonwealth, having jurisdiction in the case, on the charge of being a runaway servant or slave, or of having committed a crime, and such charge, upon examination, shall appear to be unfounded, no costs shall be paid by such innocent person, but the same shall be chargeable to and paid out of the county stock, by such city or county."

The relevant portions of section 1 of the second general statute above cited, namely, the Act of 1929, reads:

"In all cases of summary convictions, in which the evidence is not sufficient to convict and the defendant dismissed, the costs of the suit shall be paid by the county.

"In all cases of summary convictions, in which the defendant is convicted and sentenced to jail in default of payment of the fine and costs imposed, the costs of prosecution shall be paid by the county."

These two acts, in our judgment, control the liability for the costs in all the cases upon which plaintiff's case is founded. The facts being undisputed, we are of the opinion that there can be no doubt that the county is liable to plaintiff for payment of the costs in all the cases.

"In criminal cases, when the defendant has been discharged, after a hearing on an unfounded prosecution by a justice of the peace, the county is liable for costs": Beaverson v. York County, 1 Pa. C. C. 606 (syllabus).

"Where a defendant is discharged on appeal from a summary conviction in a case where the act charged is a crime, the costs are governed by section 13 of the Act of

Sept. 23, 1791, 3 Sm. Laws, 37, and must be paid by the county": Commonwealth v. Adams, 21 Dist. R. 532 (syllabus).

"1. A summary proceeding before a justice of the peace for a violation of the law is essentially a criminal proceeding for a public offence. . . .

"3. A justice of the peace has no authority to impose the costs on a defendant in a summary proceeding where the defendant has been discharged, because the proceeding against him was unfounded": Justices' Costs, 6 D. & C. 45 (syllabus).

"1. In an action by an alderman against the county to recover his fees under the Act of September 23d, 1791, Sm. L. 43, in a case where one had been brought before him charged with a crime, which charge upon examination he found to be unfounded, his judgment cannot be reviewed, and his docket is conclusive evidence that the charge was unfounded": The County of Lehigh v. Schock, 113 Pa. 373 (syllabus).

## Conclusions of law

We find the following conclusions of law:

1. Under the general statutes of the State of Pennsylvania, the costs in the 479 cases upon which plaintiff's claim is founded, wherein defendants were discharged in 456 cases because the charges were unfounded, and convicted and sentenced to jail in default of payment of fines and costs in 23 summary conviction cases, the costs are chargeable to the County of Luzerne.

2. Defendant is legally liable to plaintiff for the total costs in said cases, namely, $1,723.20.

## Order

The prothonotary is directed to give notice of the above findings and to enter judgment for plaintiff and against defendant in the sum of $1,723.20, unless exceptions are filed within 30 days after service of such notice.